**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CLAUDIO CABRERA, Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | **CLASS & COLLECTIVE ACTION COMPLAINT** |
| **-against-** | |
| **FROST RESTAURANT INC., ROCCO DEPAOLA, GIOVANNI DEPAOLA, and GIUSEPPE MORENA, Jointly and Severally,** | **Jury Trial Demanded** |
| **Defendants.** | |

Plaintiff Claudio Cabrera ("Cabrera"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a former busser and porter at Defendants' Italian restaurant located in the Williamsburg neighborhood of Brooklyn, New York.

2.     While working for Defendants, Plaintiff was paid on a per-shift basis which did not compensate Plaintiff at the minimum wage for all hours worked and did not include overtime premiums for the hours Plaintiff worked in excess of forty (40) hours per week.  Plaintiff also did not receive spread-of-hours premiums when he worked split shifts or shifts in excess of ten (10) hours and did not receive annual wage notices or accurate wage statements, as required by the New York Labor Law.

3.     Plaintiff brings this action to recover unpaid minimum wage and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*  Plaintiff also brings claims for unpaid spread-of-hours premiums and for failure to provide wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

4.     Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees of Defendants.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial

portion of the events or omissions giving rise to the claims occurred in this district and Defendants' business is located in this district.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9.      Plaintiff Cabrera was, at all relevant times, an adult individual residing in Kings County, New York.

10.      During the relevant time period, Plaintiff performed work for Defendants at Frost Restaurant, located at 193 Frost Street, Brooklyn, New York 11211.

11.      Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

12.      Frost Restaurant Inc. is an active New York corporation doing business as "Frost Restaurant" ("Frost Restaurant" or the "Corporate Defendant") with its principal place of business located at 193 Frost Street, Brooklyn, New York 11211.

13.      Rocco DePaola ("R. DePaola") is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

14.      Giovanni De Paola ("G. DePaola") is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

15.      Giuseppe Morena ("Morena" and, collectively with R. DePaola and G. DePaola the

"Individual Defendants" and collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

16. Upon information and belief, the Individual Defendants jointly own and operate Frost Restaurant located at 193 Frost Street, Brooklyn, New York 11211.

17. The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in their direction and control of Plaintiff and the Corporate Defendant's other similarly situated employees and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

18. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

19. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

20. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

21. At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second

Causes of Action as a collective action under the FLSA on behalf of himself and the following

collective:

> All persons employed by Defendants at any time since April 12,
> 2014 and through the entry of judgment in this case (the "Collective
> Action Period") who worked as non-management employees (the
> "Collective Action Members").

23.     A collective action is appropriate in this circumstance because Plaintiff and the

Collective Action Members are similarly situated, in that they were all subjected to Defendants'

illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime

premiums for all work performed in excess of forty (40) hours each week.  As a result of these

policies, Plaintiff and the Collective Action Members did not receive the legally-required

minimum wages for all hours worked and overtime premium payments for all hours worked in

excess of forty (40) hours per week.

24.     Plaintiff and the Collective Action Members have substantially similar job duties

and were paid pursuant to a similar, if not the same, payment structure.

## NEW YORK RULE 23 CLASS ALLEGATIONS

25.     Pursuant to the NYLL, Plaintiff brings his Third through Seventh Causes of Action

under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants in New York at any time since
> April 12, 2011 and through the entry of judgment in this case (the
> "Class Period") who worked as non-management employees (the
> "Class Members").

26.     The Class Members are readily ascertainable. The number and identity of the Class

Members are determinable from the records of Defendants. For purposes of notice and other

purposes related to this action, their names and addresses are readily available from Defendants.

Notice can be provided by means permissible under Federal Rule of Civil Procedure.

27. <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

28. Upon information and belief, there are in excess of forty (40) Class Members.

29. <u>Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members</u>. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include:

    a.   whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

    b.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

    c.   whether Defendants paid Plaintiff and the Class Members the tipped minimum wage;

    d.   whether Defendants properly notified Plaintiff and the Class Members that they were taking the tip credit;

    e.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wage for all hours worked;

    f.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for all hours worked in excess of forty (40) hours per workweek;

    g.   whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

    h.   whether Defendants failed to provide accurate wage notice to Plaintiff and Class

Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

i. whether Defendants failed to provide accurate wage statements to Plaintiff and Class Members with each payment of wages as required by the NYLL;

j. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

k. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

30. <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, was a restaurant employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, not paid minimum wage for all hours worked; not paid overtime premium pay for hours worked over forty (40) hours in a given workweek; not paid spread-of-hours premiums for days in which he worked in excess of ten (10) hours and/or a split shift; not provided proper wage statements with each of his wage payments; and not provided proper wage notice when hired or before February 1 of each year. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

31. <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

32. Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

33.     <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

34.     Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

35.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other currently pending litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Restaurant**

36.     At all relevant times, Defendants have been in the restaurant business. Defendants have owned, operated, and managed Frost Restaurant located in Brooklyn, New York for more than 50 years.

37.     Defendants' website provides: "Born in 1959, Frost (taking its name from Frost Street) immediately became the neighborhood restaurant providing the local community with the very best in Italian Cuisine. …Today after more than 40 years of experience, we continue to offer a rich and palatable menu that invites you to savor our most traditional dishes as well as explore our daily specialties." (http://frostrestaurant.com/26602.html).

38.     Upon information and belief, Defendants employ between approximately twelve (12) to fifteen (15) employees at any one time in their restaurant.

39.     Defendants R. DePaola and Morena are a constant presence at the restaurant where they oversee the operations of the restaurant and implement the policies complained of herein.

40.     Prior to a couple of years ago when he retired, Defendant G. DePaola was also a constant presence in Defendants' restaurant where he oversaw the operations and implemented the policies complained of herein.

**Plaintiff's Work for Defendants**

41.     Plaintiff Cabrera worked for Defendants as a busser and porter from in or around November 2008 to in or around January 21, 2017 (the "Cabrera Employment Period").

42.     Throughout the Cabrera Employment Period, Plaintiff Cabrera's work duties included: cleaning the restaurant, including the windows for the front of the dinning area; setting tables before and after service; bringing food from the kitchen to the tables; preparing and stocking the service stations; interacting with customers; bringing products from the basement to the kitchen and dining area; retrieving products from the freezer; among many other tasks assigned by the managers and Individual Defendants.

43.     Throughout the Cabrera Employment Period, Plaintiff Cabrera typically worked four (4) days per week.  During approximately two (2) or more weeks during the summer, when certain employees were absent on vacation and Cabrera was responsible to cover for them, Plaintiff Cabrera generally worked five (5) to six (6) days per week.  For his regular four (4)-day schedule, Plaintiff Cabrera worked: Tuesdays from approximately 11:00 am to approximately 10:00 pm; Fridays and Saturdays from approximately 4:00 pm to between approximately 11:30 pm to 12:00 am; and Sundays from 12:00 pm to between approximately 9:30 pm and 10:00 pm.  In total, Plaintiff Cabrera typically worked approximately thirty-four and one-half (34.5) to thirty-six (36) hours per week when working four (4) days.

44.     During the two (2) weeks or more during each year when Plaintiff Cabrera worked five (5) to six (6) days per week, he added shifts of ten (10) or more hours per day, for a total of

approximately forty-four and one half (44.5) to forty-six (46) hours during the weeks when he worked five (5) days and between approximately fifty-five and one half (55.5) to fifty-six (56) hours per week when he worked six (6) days.

45.     Throughout the Cabrera Employment Period, Plaintiff Cabrera was paid on a per shift basis. For his work on Tuesdays and Sundays, when he had shifts of approximately ten (10) to eleven (11) hours, Plaintiff Cabrera was paid the amount of thirty dollars ($30.00) per day. The remaining days of the week, when he generally worked shifts of fewer than ten (10) hours, Plaintiff Cabrera was paid twenty dollars ($20.00) per day. During the summer, when Plaintiff Cabrera usually worked an additional fifth (5th) and/or sixth (6th) day, he was paid in the same manner, per shift. If the shift was equal or more than ten (10) hours, he was paid thirty dollars ($30.00) per shift.

46.     Throughout the Cabrera Employment Period, Plaintiff was paid in cash, which he typically received either from the hands of Defendants R. DePaola or Morena. The cash payment of his wages was not accompanied by any paystub or wage statement showing his hours worked or hourly rate.

47.     Throughout the Cabrera Employment Period, Defendants did not maintain any timeclock or other formal timekeeping system to track the hours worked by Plaintiff or any other employee at Defendants' restaurant.

48.     Plaintiff Cabrera observed each of the Individual Defendants, R. DePaola, Morena, and G. DePaola, supervising employees and overseeing the operation of the business.

49.     Although Plaintiff Cabrera worked over forty (40) hours per week during the summer time, he was paid on a per-shift basis that did not compensate him at overtime premium rates for hours worked in excess of forty (40) hours per week.

50.     Throughout his employment with Defendants, Plaintiff Cabrera frequently worked shifts in excess of ten (10) hours per day, yet Defendants failed to pay Cabrera spread-of-hours premiums.

51.     At no point during Cabrera's employment did he receive a wage notice showing his hourly or overtime rate.

52.     Plaintiff's work was performed in the normal course of Defendants' business and was integrated into Defendants' business.

53.     The work performed by Plaintiff required little skill and no capital investment.

**Defendants' Unlawful Corporate Policies**

54.     Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, specifically paying per shift rather than per hour, failing to pay minimum wage, failing to pay overtime premiums and failing to pay spread-of-hours premiums.

55.     Plaintiff has spoken with other employees of Defendants, who similarly worked in excess of forty (40) hours during the Class Period and were similarly paid per shift that did not provide minimum wage for all hours worked or provide overtime premiums of one and one-half (1.5) times their regular hourly rate for all hours worked over (40) per week.  Defendants' failure to pay Plaintiff and the Class Members minimum wage for all hours worked or overtime compensation for all hours worked over forty (40) hours per week was a corporate policy of Defendants.

56.     Plaintiff has spoken with other employees of Defendants, who were similarly paid in cash and were not provided with any wage statement.  Defendants' failure to provide wage statements in accordance with the requirements of the NYLL was a corporate policy that applied to the restaurant employees who were paid per shift throughout the Class Period.

57.     Defendants did not provide Plaintiff and the Class Members with proper wage notices at the time of hire or by February 1 of each year.

58.     Upon information and belief, throughout the Class Period and continuing to today, Defendants have failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

59.     Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment. Upon information and belief, such individuals were not paid time and one-half when working in excess of forty (40) hours per week.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

60.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61.     By failing to pay not less than minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

62.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated

damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

64.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65.     Defendants violated the FLSA overtime rights of Plaintiff and the Collective Action Members by improperly treating them as exempt from the FLSA when they performed non-exempt duties and failing to pay overtime premiums of one and one-half (1.5) times employees' regular hourly rates for all hours worked in excess of forty (40) hours per week.

66.     By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

67.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

68.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### <u>NEW YORK LABOR LAW – UNPAID MINIMUM WAGE</u>
**(Brought on Behalf of Plaintiff and the Class Members)**

69.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay wages not less than the statutory minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

71.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FOURTH CAUSE OF ACTION
### <u>NEW YORK LABOR LAW – UNPAID OVERTIME</u>
**(Brought on Behalf of Plaintiff and the Class Members)**

72.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73.     Defendants violated the NYLL overtime rights of the Plaintiff and the Class Members by improperly treating them as exempt from the NYLL when they performed non-exempt duties and failing to pay overtime premiums consisting of one and one-half (1.5) times employees' regular hourly rates for all hours worked in excess of forty (40) hours per week.

74.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

75.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS**
**(Brought on Behalf of Plaintiff and the Class Members)**

76.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146.16 (2012).

78.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for

unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### SIXTH CAUSE OF ACTION
### <u>NEW YORK LABOR LAW – WAGE STATEMENT VIOLATIONS</u>
### (Brought on Behalf of Plaintiff and the Class Members)

79.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80.     Defendants have willfully failed to supply Plaintiff and the Class Members a proper wage statement as required by Article 6, § 195(3).

81.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL §§ 198(1-d) liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### SEVENTH CAUSE OF ACTION
### <u>NEW YORK LABOR LAW –WAGE NOTICE VIOLATIONS</u>
### (Brought on Behalf of Plaintiff and the Class Members)

82.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     Defendant has willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing

Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

84.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, § 198(1-b)., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage pursuant to the FLSA and the NYLL and supporting regulations;

h. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

i. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

j. An award of damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

k. An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

l. An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1), pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL § 198(1-b);

m. An award of prejudgment and post-judgment interest;

n. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      April 12, 2017

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____

Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff, the putative collective and class*

**CONSENTIMIENTO PARA SER UN DEMANDANTE**

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Frost Restaurant, Rocco DePaola, John DePaola, Joe Morena y sus demás propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

x ___Claudio Cabrera C.___
           Firma

___Claudio Cabrera___
      Nombre Escrito