## SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE

**THIS SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE** ("Agreement") is entered into by and between **Claudio Cabrera** ("Cabrera" or "Plaintiff"), individually, and **Frost Restaurant Inc.** ("Frost Restaurant" or the "Corporate Defendant"), and **Rocco DePaola** ("R. DePaola"), **Giovanni DePaola** ("G. DePaola") and **Giuseppe Morena** ("Morena" and, together with R. DePaola, G. DePaola the "Individual Defendants," and, collectively with the Corporate Defendant, the "Defendants"), individually. Plaintiff and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS**, the Plaintiff commenced a lawsuit in the United States District Court for the Eastern District of New York under docket number 17-cv-2221 (the "Action"), alleging violations of the New York Labor Law and the Fair Labor Standards Act;

**WHEREAS**, Defendants deny any and all claims of wrongdoing and/or allegations of misconduct or other liability to Plaintiff;

**WHEREAS**, the Parties elected to resolve this Action by the terms of this Agreement rather than bear the time and expense of further litigation, including possible trial;

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. **Settlement.**

    (a) In consideration for Plaintiff's release of claims as provided in paragraph 2, Defendants agree to pay to Plaintiff the total settlement amount of Sixty-Five Thousand Dollars ($65,000.00) (the "Settlement Amount"), consisting of Forty-Two Thousand Eight Hundred and Sixty-Seven Dollars and Forty-Nine Cents ($42,867.49) and Twenty-Two Thousand One Hundred and Thirty-Two Dollars and Fifty-One Cents ($22,132.51) (including $698.79 expense reimbursement and $21,433.72 in reasonable attorneys' fees). Payments shall be made in the following increments:

    a. First Installment of Twenty-One Thousand Four Hundred Thirty-Three Dollars and Seventy-Four Cents ($21,433.74) due thirty (30) days after the Settlement Agreement is approved by the Court and all other conditions precedent enumerated in this Agreement are satisfied, made payable to Claudio Cabrera, with applicable withholdings deducted for which an IRS Form W-2 will be issued;

    b. Second Installment of Twenty-Two Thousand One Hundred Thirty-Two Dollars and Fifty-One Cents ($22,132.51) due thirty (30) days after the First Installment is issued, made payable to Pelton Graham LLC, for which an IRS Form 1099 will be issued;

    c. Third Installment of Twenty-One Thousand Four Hundred Thirty-Three Dollars and Seventy-Five Cents ($21,433.75) due thirty (30) days after the

        Second Installment made payable to Claudio Cabrera, for which an IRS Form 1099 will be issued;

(b) All checks will be delivered to Plaintiff's Counsel at their office, Pelton Graham LLC, Attn: Brent E. Pelton, Esq., 111 Broadway, Suite 1503, New York, New York 10006, within the above-referenced payment schedule.

(c) The foregoing total amount to Plaintiff shall be divided into three (3) checks as follows: 50% of the amount to Plaintiff shall be deemed to constitute payment for alleged lost wages and, therefore, shall be subject to statutory payroll deductions/withholdings, which Defendants shall make. An IRS form W-2 shall be issued to Plaintiff for this amount. The remaining 50% of the amount to Plaintiff shall be deemed to constitute payment for alleged liquidated damages and, therefore, shall not be subject to statutory payroll deductions/withholdings. An IRS form 1099 shall be issued to Plaintiff for this amount. An IRS form 1099 shall be issued to Pelton Graham LLC for the amount allocated for attorneys' fees and costs ($22,132.51). The foregoing checks shall be delivered to Plaintiffs' counsel as set forth in paragraph 1(a).

(d) In order to receive the settlement payments described in paragraph 1(a), Plaintiff must complete and return IRS Forms W-4 and W-9, and his attorneys, Pelton Graham LLC, must complete and return an IRS Form W-9, to counsel for Defendants, including a social security, ITIN number, or employer tax identification number, as appropriate.

(e) In the event Defendants fail to pay the Settlement Amount when due as set forth in paragraph (1)(a) above, Plaintiff's counsel shall send a notice of default to Defendants' attorney, Jeffrey Douglas, Esq., via U.S. Mail to FordHarrison LLP, 60 East 42nd Street, 51st Floor, New York, NY 10165 and e-mail to JDouglas@fordharrison.com. Defendants shall have ten (10) business days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the Cure Period, Plaintiff shall. In the event that payment is not made within the opportunity to cure period, Plaintiff will be free to seek enforcement of the Settlement Agreement in the United States District Court for the Eastern District of New York.

(f) <u>Tax Liability</u>.  In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid hereunder to Plaintiff as part of this Agreement, Plaintiff shall pay his own share as an employee of that assessment. Plaintiff acknowledges that even if he does not receive a Form 1099 in connection with the sum(s) to be paid hereunder, Plaintiff is responsible for paying all of such an assessment.  Plaintiff also agrees to pay or indemnify and hold Defendants harmless for any and all related withholding taxes, interest or penalties incurred by Defendants and that Defendants may be required to pay to any taxing authorities relating to any payments made to Plaintiff pursuant to this Agreement.

**2.** **<u>Wage and Hour Release</u>.**

(a) In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff knowingly and voluntarily releases and forever discharges Defendants and Defendants' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and their officers, directors, members, partners, trustees, current and former employees agents including Rocco DePaola, Giovanni DePaola and Giuseppe Morena, stockholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (the "Releasees") from any and all claims, causes of action, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes of action known or unknown, suspected or unsuspected, arising out of the allegations set forth the Action. This Release covers any rights or claims, known or unknown, relating in any way to Plaintiff's compensation derived from Plaintiff's employment relationship with the Releasees, or arising under any related statute or regulation including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the New York State Labor Law §§ 1 *et seq*. and all applicable regulations including but not limited to 12 NYCRR 146 *et seq;* the Wage Theft Prevention Act, the New York Equal Pay Law; and all other New York State and Federal Wage and Hour Laws based upon any conduct occurring from the beginning of the world to the date this Agreement is executed.

(b) The release and discharge contained in this paragraph 2 shall also apply to the Defendants' insurers, the Defendants' past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, partners, owners, shareholders, members, predecessors and successors in interest and assigns and affiliates.

**3.    Representations and Warranties.**

The Parties each represent, warrant to and agree with the other as follows:

(a) The terms of this Agreement are contractual and are the result of negotiations between the Parties and each party has given consideration in return for having received consideration due to concessions and good faith bargaining by both Plaintiff and Defendants as to the terms of the settlement;

(b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms;

(c) *Covenant Not to Sue:* Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class, against Defendants or Releasees based on any claims that are referred in paragraph two (2) of this Agreement. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise

    participate in any putative or certified class, collective or multi-party action or proceeding in which Defendants or any other Releasee identified in this Agreement is a party based on any claims that are referred in paragraph two (2) of this Agreement. Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf based on any claims referred to in paragraph two (2) of this Agreement.

(d) *Sufficiency of Consideration:* Plaintiff expressly understands and agrees the obligations under this Agreement and tender of the payment described herein are in lieu of any and all other amounts to which Plaintiff might be, is now, or may become entitled to receive from Defendants upon any claim asserted in the Action and referenced in paragraph two (2) of this Agreement. Plaintiff expressly waives any right or claim that he may have, or may assert, regarding claims against Defendants for payment of back pay, interest, bonuses, accrued vacation, accrued sick leave, medical, dental, optical or hospitalization benefits, accidental death and dismemberment coverage, long-term disability coverage, stock options, pensions, life insurance benefits, overtime, severance pay, liquidated damages and/or attorneys' fees or costs with respect to or derivative from Plaintiff's employment with Defendants. Plaintiff further understands and agrees that the payment described herein is over and above any obligations and payment(s) from Defendants to which Plaintiff may have been entitled. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff referenced in paragraph 2 of this Agreement constitute a fair and reasonable resolution of a *bona fide* dispute over a provision of the Fair Labor Standards Act.

(e) *Separation of Employment:* The employment relationship and/or association between Plaintiff and Defendants has ended unrelated to any federal, state, or municipal statute or any cause of action Plaintiff has or may have against Defendants. It is further understood should Plaintiff again apply to work at or for Defendants in any capacity, Defendants, based on this clause, may deny Plaintiff employment for any position he seeks, and said denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be retaliatory in any way.

(f) Plaintiff acknowledges and represents he is not currently suffering from any injury or disease including, but not limited to, a stress-related injury or disease caused by or in any way related to their employment with Defendants.

(g) Nothing in this Agreement shall be construed to restrict any communication or participation Plaintiff may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Plaintiff understands that although he is not prohibited from filing a charge or complaint against Defendants with any agency of the United States government, any subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf based on any claims referred to in paragraph two (2) of this Agreement.

(h) As of the date of execution of this Agreement, Plaintiff and his counsel are unaware of any individual(s) who is ready, willing and able to file a civil action for damages, or

otherwise proceed in any manner, against Defendants or Releasees (as defined herein, including all related entities/individuals noted in paragraph 2), for any of the type of claims asserted in the Complaint filed in this Action.

4. **Voluntary Dismissal with Prejudice.**

(a) Plaintiff hereby authorizes and directs his attorneys, upon their execution of this Agreement, to execute and file with the United States District Court for the Eastern District of New York, a Stipulation of Discontinuance with Prejudice in this Action in the form annexed hereto as Exhibit A. Such Stipulation shall be filed by counsel for Plaintiff immediately after court approval of this settlement.

(b) Plaintiff hereby authorizes and directs his attorneys to dismiss the Action with prejudice.

5. **Non-Admission.**

(a) This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to Plaintiff or any other individual, or that Plaintiff has any rights whatsoever against Defendants. Defendants specifically disclaim any liability for any purported wrongful acts against Plaintiff on the part of themselves, their officers, employees, and/or agents. Further, this Agreement shall not in any way be construed as an admission by Defendants as to any allegations set forth in the Complaint in the Action.

(b) All parties acknowledge this Action as being settled to avoid further litigation and its concomitant expense.

6. **Applicable Law.**

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York.

7. **Mutual Non-Disparagement**

The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Company in the eyes of an ordinary and reasonable person in the community. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

8. **Applicable Law and Continuing Jurisdiction**

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York. The Parties consent to the authority of Magistrate Judge Roanne L. Mann for all purposes and hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation or implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation of this Agreement and the settlement contemplated thereby.

**9.     Severability.**

The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

**10.     No Other Representations or Agreements.**

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

**11.     No Modification Except in Writing.**

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

**12.     Execution in Counterpart.**

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**13.     BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_____          Dated: April ____, 2018
Claudio Cabrera

_____
FROST RESTAURANT INC.
By: _____
Dated: _____


_____  Dated: April ____, 2018
Rocco DePaola, Individually


_____  Dated: April ____, 2018
Giovanni DePaola, Individually


_____  Dated: April ____, 2018
Giuseppe Morena, Individually